### DULANY & CO. v. ELFORD & DARGAN.

1. Plaintiff sued defendant as a member of a firm which had executed certain notes, and said defendant denied that she was ever such partner. The complaint also asked some equitable relief because of such partnership. Issues were submitted to a jury, who found that this defendant was not a partner, and the Circuit Judge approved this finding. *Held*, that this finding must stand, and the complaint be dismissed as to this defendant.

2. Money paid to the executor and sole legatee of a deceased partner in compromise of deceased's interest in the firm, cannot be followed as partnership assets.

Before FRASER, J., Greenville, April, 1887.

This was an action by Dulany & Co. against Elford & Dargan, and G. G. Wells, executor. See 22 *S. C.*, 304. Judgment had been entered against W. J. Dargan, one of the defendants, before the decree herein appealed from.

*Messrs. Perry & Heyward*, for appellants.

*Mr. J. L. Orr*, contra.

June 19, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant, Dargan, and one G. E. Elford, were at one time partners in a mercantile business at Greenville. In 1875, while this partnership existed, G. E. Elford died, leaving by will his interest in said business and his entire estate to his wife, Caroline Elford, and appointing the defendant, George G. Wells, his executor, who accepted and qualified. Dargan, the survivor, continued in business, and in 1883, two notes were given to the plaintiffs in the name of Elford & Dargan, one for $199.07, and the other for $198.22. They are found copied in the complaint. Some time in 1883, Dargan not having settled up the old partnership, in so far as the interest of Mrs. Elford was concerned under the will of her husband, as is alleged by defendants, he paid to Mrs. Elford $1,500 in full of said interest, taking her receipt. This payment was recognized by Wells as executor.

The action below was brought in 18  , by the plaintiffs on the two notes mentioned above, against Caroline Elford and Dargan, alleging a partnership between them, and that these were partnership debts. It was also alleged in the complaint that the partnership was insolvent; that fifteen hundred dollars of the assets had been turned over to Caroline Elford by Dargan, which she refused to apply to the partnership debts; that Wells, executor of G. E. Elford, had some claim. And the plaintiffs prayed judgment for the amount of the notes, that a receiver be appointed, to whom Caroline Elford should be required to deliver the fifteen hundred dollars received by her, and that Wells, as executor, be required to set up any claim that he might have against the said fifteen hundred dollars.

At the hearing an order was passed, submitting the following questions to the jury: I. "Was the defendant, Caroline Elford, ever in fact a member of the firm of Elford & Dargan? II. Did the defendant, Caroline Elford, ever hold herself out as a member of the firm of Elford & Dargan? III. Did the defendant, Caroline Elford, ever cause herself to be held out as a member of the firm of Elford & Dargan? IV. Did the defendant, Caroline Elford, ever receive any part of the profits of the firm of Elford & Dargan as profits?" To all of which questions the jury answered, No, and rendered a verdict as follows: "We find for the defendant, C. Elford."

Whereupon his honor, T. B. Fraser, after approving and affirming the findings of the jury, ordered the complaint dismissed with costs. From which decree the plaintiffs have appealed upon the grounds: "I. That his honor erred in failing to state in his decree his conclusions of law and fact separately, as required by law. II. That his honor erred in holding that the defendant, Caroline Elford, was a creditor of the firm of Elford & Dargan. III. That his honor erred in holding that neither the defendant, Caroline Elford. nor the executor can be held liable upon the demand of appellant. IV. That his honor erred in not holding that the appellant has a right to follow the fund of fifteen hundred dollars in whosesoever hands the same might be. V. That even if the defendant, Caroline Elford, were a creditor of Elford & Dargan, the preference obtained by her is illegal as

against the appellant.    VI. That his honor erred in instructing
the jury to find a general verdict in the case, when only certain
of the issues involved were submitted to the jury." The first
exception was abandoned at the hearing, and therefore need not
now be considered.

The case substantially embraced two actions, one at law and
the other equitable.    The legal cause was an ordinary action on
two notes against an alleged partnership, consisting, as alleged,
of the defendants, Caroline Elford and W. J. Dargan.    The
equitable cause was for the appointment of a receiver of the assets
of this partnership, because of insolvency, and the application,
through the receiver, to plaintiffs' claims of certain assets of the
firm, alleged to have been transferred by Dargan to his copart-
ner, Caroline Elford, to the prejudice of the partnership debts.
It will be seen at once, that the equitable cause depended entire-
ly upon the establishment of the legal cause, the main question
of which was the existence of the partnership.    The partnership
was denied by the defendant, Caroline Elford, and the question
of fact, whether or not it had ever existed, was referred to a jury
upon precise and distinct issues, embracing every condition upon
which a partnership could possibly have been created, to wit:
whether in fact, 1st. Caroline Elford was a member of the firm
of Elford & Dargan.    2nd. Whether she ever held herself out as
such member.    3d. Whether she ever caused herself to be held
out as such member.    And 4th. Whether she had ever received
any part of the profits of said concern as profits—to all of which
the jury, after full testimony, answered, No, which finding of the
jury his honor approved and affirmed, and which, even supposing
that this part of the case was equitable also, and the facts there-
fore appealable, we could not disturb under the well established
rule in such cases.

Under this state of facts we must regard the partnership dis-
proved and as never having existed.    The whole case of the plain-
tiffs breaks down, therefore, at that point.    Because, if there was
no partnership, the plaintiffs have no cause of action either legal
or equitable against Caroline Elford or Mr. Wells, as executor
of G. E. Elford, under the pleadings in the case.

Whether Mrs. Elford was a creditor of Dargan, and that she

received the fifteen hundred dollars as such, can make no differ-
ence. The fact is settled that she did not receive said sum as a
partner, and therefore it cannot be followed as partnership assets.
Nor is the general verdict of the jury a material matter. Nor
does the complaint raise the question of an unlawful preference
by Dargan, with the view to hinder and delay other creditors.
The whole case of the plaintiffs being based upon the idea and
allegation of a partnership, which failing, the entire case as made
in the pleadings falls with it.

It is the judgment of this court, that the judgment of the Cir-
cuit Court be affirmed.